UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DIONTE JERMAINE DAVIS,

      Petitioner,

v.                           Case No. 4:16cv401/MW/CJK

FLORIDA DEPARTMENT OF
CORRECTIONS SECRETARY,

      Respondent.
_____/

REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1), with supporting memorandum (doc. 4). Respondent moves to dismiss the petition on the grounds that the two claims petitioner presents are not cognizable in federal habeas and, even if they were, are procedurally defaulted. (Doc. 26). Respondent's motion is accompanied by relevant portions of the state court record. (*Id.*). The court provided petitioner an opportunity to respond (doc. 27), and granted petitioner additional time to do so. (Docs. 28, 29, 30, 31). In response, petitioner has filed a "Motion for 'Stay and Abeyance' Procedure for Exhaustion". (Doc. 32). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R.

72.2(B).    After careful consideration of the issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.    Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.    The undersigned further concludes that the pleadings and attachments before the court show that petitioner is not entitled to habeas relief, that a stay is not warranted, and that the petition should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

On February 17, 2011, petitioner was convicted upon jury verdict of attempted felony murder (Count 1), sexual battery with force likely to cause serious personal injury (Count 2), burglary of a structure (Count 3) and first degree arson (Count 4), in Madison County Circuit Court Case No. 10-CF-98.  (Doc. 26, Ex. A, pp. 77-81 (written verdict); Ex. F, pp. 565-67 (reading of verdict at trial)).[1]  The jury made additional findings on each count that petitioner actually possessed and discharged a firearm during commission of the offense and that petitioner's discharge of the firearm resulted in great bodily harm.  (*Id*.).  Petitioner was sentenced on Counts 1, 2 and 3 to concurrent terms of life in prison with a 25-year mandatory minimum.

---

[1] All references to exhibits are to those provided at Doc. 26.  If a page of an exhibit has more than one page number, the court references the number appearing at the bottom right of the page.

(Ex. A, pp. 87-101 (judgment); Ex. G (sentencing transcript)). Petitioner was sentenced on Count 4 to a concurrent 30-year term of imprisonment. (*Id.*). The Florida First District Court of Appeal (First DCA) affirmed petitioner's judgment and sentences on October 25, 2013, per curiam and without a written opinion. *Davis v. State*, 124 So. 3d 419 (Fla. 1st DCA 2013) (copy at Ex. K).

On January 17, 2014, petitioner filed a *pro se* motion for postconviction DNA testing under Florida Rule of Criminal Procedure 3.853. (Ex. M). The state circuit court denied the motion on November 6, 2014.[2] (Ex. L, pp. 1-4). The First DCA summarily affirmed on June 5, 2015, with the mandate issuing August 3, 2015. *Davis v. State*, 169 So. 3d 1165 (Fla. 1st DCA 2015) (Table) (copy at Ex. P).

On July 9, 2014, petitioner filed a *pro se* motion for postconviction under Florida Rule of Criminal Procedure 3.850. (Ex. R, pp. 1-22). Petitioner moved to amend his motion on September 14, 2014. (Ex. R, pp. 23-25). Without ruling on the motion to amend, the state circuit court denied petitioner's original Rule 3.850 motion on December 3, 2014. (Ex. R, pp. 97-125). Petitioner filed a *pro se* motion for rehearing on December 17, 2014. (Ex. R, pp. 126-27). The circuit court did not

---

[2] On November 2, 2014, petitioner submitted to prison officials a second *pro se* Rule 3.853 motion that was docketed by the clerk of court on November 10, 2014. (Ex. L, pp. 8-11). The second Rule 3.853 motion was summarily denied by order rendered November 20, 2014. (Ex. L, pp. 55-83). Petitioner did not appeal from that order.

rule on the motion for rehearing within 40 days, so by operation of Fla. R. Crim. P. 3.850(j) in effect at that time, the motion was "deemed denied" on January 12, 2015. *See In re Amendments to Fla. Rules of Criminal Procedure & Fla. Rules of Appellate Procedure*, 132 So. 3d 734, 750 (Fla. 2013) (amendments effective July 1, 2013) ("Any party may file a motion for rehearing of any order addressing a motion under this rule within 15 days of the date of service of the order. . . . A response may be filed within 10 days of service of the motion. The trial court's order disposing of the motion for rehearing shall be filed within 15 days of the response but not later than 40 days from the date of the order of which rehearing is sought. If no order is filed within 40 days, the motion is deemed denied.") (emphasis added).[3] Petitioner did not appeal the January 12, 2015, constructive denial of his motion for rehearing. Instead, almost eight months later on August 4, 2015, petitioner filed a *pro se* petition for writ of mandamus in the First DCA, seeking to compel the circuit court to rule on his motion for rehearing that had already been deemed denied by operation of Rule 3.850(j). (Ex. T). On September 24, 2015, the First DCA directed the State to determine the status of petitioner's motion for rehearing. (Ex. U). On October 22,

---

[3] The last sentence – "If no order is filed within 40 days, the motion is deemed denied." – was deleted by amendments to the Florida Rules of Criminal Procedure, which took effect on June 11, 2015. *See In re Amendments to the Fla. Rules of Criminal Procedure*, 167 So. 3d 395, 396 (Fla. 2015).

2015, the State filed a Status Report to which it attached the circuit court's "Amended Order Addressing Motion for Rehearing" rendered September 18, 2015, which read:

> THIS CAUSE comes before this Court upon the defendant's "Motion for Rehearing," filed with the Madison County Clerk of Court on December 19, 2014. For reasons unknown, this Court was not provided a copy of the motion for rehearing until September 17, 2015, and therefore, the undersigned was unable to enter a timely ruling on the motion. Because Defendant's motion for rehearing was filed in December 2014, it is subject to an earlier version of Florida Rule of Criminal Procedure 3.850, which established that a motion for rehearing will be deemed denied when the trial court fails to rule on the motion. Martinez v. State, 162 So. 3d 1051, 1052 (Fla. 5th DCA 2015) (citing Fla. R. Crim. P. 3.850(j)). Accordingly, since this court never ruled on the Defendant's motion for rehearing, the motion was deemed denied under Rule 3.850(j).
>
> However, even assuming arguendo the motion for rehearing was not deemed denied by effect of Rule 3.850(j), this Court finds the motion does not warrant relief. In the motion, the Defendant alleges this Court "improperly denied relief on the original six grounds for postconviction relief" and this court "erred by failing to consider the merits of his [the Defendant's] amended motion for postconviction relief." *Motion for Rehearing*. Defendant's claim regarding an alleged amended Rule 3.850 motion is without merit.
>
> The record in the instant case fails to reflect that any amended motion was filed by the Defendant. What the record does reflect is that on September 18, 2014, the Madison Clerk filed a "Motion to Amend Rule 3.850 Postconviction Motion to Vacate, Set Aside, or Correct Sentence" submitted by mail by the Defendant. As indicated by the title of the aforementioned motion, the Defendant sought leave of court to file an amended Rule 3.850 motion. Under Florida law, this step was

unnecessary since the Court had not yet entered a ruling on the original 3.850 motion, FN2 and therefore, the Defendant could have filed an amended motion without first obtaining leave of court. See Fla. R. Crim. P 3.850(e). The Defendant never exercised this right. Therefore, this Court concludes that had the motion for rehearing not been deemed denied by effect of Rule 3.850, the motion would nonetheless be denied.

> FN2  Court denied the Defendant's Rule 3.850 motion, filed on July 15, 2014, by order entered December 3, 2014.

(Ex. V, Attach. A) (alternation in original) (first footnote omitted). On October 26, 2015, the First DCA dismissed petitioner's mandamus petition as moot. (Ex. W). Petitioner sought discretionary review in the Florida Supreme Court. (Exs. X, Y). The Florida Supreme Court "determined that it should decline to accept jurisdiction", and denied the petition for review on April 4, 2016. *Davis v. State*, 2016 WL 1306748 (Fla. 2016) (copy at Ex. BB).

On October 9, 2014, petitioner filed a petition for writ of habeas corpus in the First DCA, alleging ineffective assistance of appellate counsel. (Ex. CC). On November 3, 2014, the First DCA per curiam denied relief on the merits, without explanation. *Davis v. State*, 151 So. 3d 516 (Fla. 1st DCA 2015) (Table) (copy at Ex. DD). Rehearing was denied on December 17, 2014. (Ex. EE).

On November 8, 2014, petitioner filed a *pro se* motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). (Ex. R, pp. 26-28).

The state circuit court denied the motion on November 19, 2014. (Ex. R, pp. 33-67). The First DCA summarily affirmed on April 29, 2015, with the mandate issuing May 27, 2015. *Davis v. State*, 162 So. 3d 988 (Fla. 1st DCA 2015) (Table) (copy at Ex. S).

Petitioner filed his federal habeas petition on June 27, 2016. (Doc. 1, p. 1). The petition raises two grounds for relief: (1) the state circuit court deprived him of due process in his Rule 3.850 proceeding when it failed to notify him that he had 30 days to appeal, as required by Fla. R. Crim. P. 3.850(k); and (2) the state circuit court deprived him of due process in his Rule 3.850 proceeding when it "failed to consider timely filed Amended Motion, before entering decisions on Petitioner's original Motion for Postconviction Relief." (Doc. 1, pp. 5, 7; Doc. 4, pp. 3-5). Respondent asserts that although petitioner's claims are couched in terms of due process, they are not cognizable on federal habeas. (Doc. 26, pp. 16-18, 24-25). Respondent asserts that even if petitioner's claims were cognizable, they are procedurally defaulted. (Doc. 26, pp. 18-24, pp. 25-30).

## RELEVANT LEGAL PRINCIPLES

Federal habeas relief is available to correct only constitutional injury. *See* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of

habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); *Swarthout v. Cooke*, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed. 2d 385 (1991) (holding that errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief; "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). "The writ of habeas corpus was not enacted to enforce State-created rights." *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000) (citation and quotation marks omitted); *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) ("Questions of state law rarely raise issues of federal constitutional significance, because '[a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'" (*quoting Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983))).

A prisoner's challenge to the process afforded him in a state postconviction proceeding is not a cognizable claim for habeas corpus relief. This is so, because such a claim represents an attack on a proceeding collateral to the prisoner's confinement and not the confinement itself. *Alston v. Dep't of Corr., Fla.*, 610 F.3d 1318, 1326 (11th Cir. 2010) (holding that habeas petitioner's challenge to state postconviction proceeding – the state court's ruling that petitioner waived his state collateral proceedings – was not cognizable on federal habeas review). The Eleventh Circuit explained in *Alston*:

> Federal habeas relief is available to remedy defects in a defendant's conviction and sentence, but "an alleged defect in a collateral proceeding does not state a basis for habeas relief." *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004); *see also Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009) (collecting cases), *cert. denied*, — U.S. —, 130 S. Ct. 500, 175 L. Ed. 2d 355 (2009). There is a valid reason behind this principle: "[A] challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment – i.e., the conviction itself – and thus habeas relief is not an appropriate remedy." *Carroll*, 574 F.3d at 1365. Furthermore, such challenges often involve issues of state law, and "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992).

*Id*. at 1325-26.

# DISCUSSION

Ground One  State postconviction trial court deprived petitioner of due process when it failed to advise him he had 30 days to appeal. (Doc. 1, p. 5).

  Petitioner claims the state circuit court erred in failing to include the language required by Florida Rule of Criminal Procedure 3.850(k), which states that "[a]ll final orders denying motions for postconviction relief shall include a statement that the Defendant has the right to appeal within 30 days of the rendition of the court's order." *Id.* Petitioner asserts that "[t]he absence of lack of notification to any Petitioner that he/she have limited time to appeal such judgment[ ] [s]ufficiently violates procedural law and the due process rights of the said person; constitutional guarantees contained in the United States Constitution, supported by Florida Constitutional rights." (Doc. 1, p. 5; Doc. 4, pp. 3-4). Petitioner states that he exhausted his state court remedies by presenting his due process claim in his motion for rehearing filed in the state circuit court on December 17, 2014, and describes his motion as having been denied by the circuit court's September 18, 2015, order. (Doc. 1, pp. 5-6). Petitioner identifies his appeal from the denial of rehearing as the mandamus petition he filed in the First DCA on August 4, 2015, which was dismissed as moot on October 26, 2015. (Doc. 1, p. 6).

Respondent argues that petitioner's claim presents an issue of state law and alleges a defect in a state collateral proceeding, neither of which provides a basis for federal habeas relief.  Respondent explains that although petitioner alleges that the failure to include the requisite language constitutes a violation of "due process rights" and "constitutional guarantees in the United States Constitution," (doc. 1, p. 5), the state court's compliance or lack thereof with the content requirement of Rule 3.850(k) is purely a state law issue.  (Doc. 26, pp. 17-18).  Respondent argues further that petitioner's claim is based on an alleged defect in a state collateral proceeding unrelated to the cause of petitioner's custody, and therefore does not present a cognizable basis for federal habeas relief.  (*Id.*).  Respondent asserts a procedural default defense as an alternative basis for dismissal.  (*Id.*, pp. 18-24).

The court will note here, as a factual matter of record, that the state circuit's final order denying petitioner's Rule 3.850 motion contained the appeal notice required by Rule 3.850(k).  (Ex. R, p. 101 ("The Defendant may appeal this decision to the First District Court of Appeal within **30 days** from the date this order is rendered.").  The circuit court's September 18, 2015, order addressing petitioner's motion for rehearing did <u>not</u> contain the language of Rule 3.850(k), (*see* Ex. V, Attach. A), and is apparently the subject of petitioner's present claim.

Respondent is correct that the issue petitioner presents is not cognizable in a federal habeas corpus proceeding. Petitioner's challenge to the circuit court's failure to include the language of Fla. R. Crim. P. 3.850(k) in its order addressing the motion for rehearing presents a purely state law issue. *See Alston* at 1326 (holding that habeas petitioner's challenge to the state postconviction court's determination that he waived his right to pursue postconviction relief "concerns a state matter because Florida provides for post-conviction procedures through its state statutes. These collateral proceedings are a state created right."). In addition, petitioner's challenge to the state collateral proceeding does not undermine the legality of his imprisonment, i.e., the conviction itself.

Petitioner's Ground One does not provide a basis for federal habeas relief, and should be dismissed without regard to the exhaustion/procedural default issue. *See, e.g., Carroll*, 574 F.3d at 1365-66 (holding that habeas petitioner's claim that the state court violated his due process rights when it summarily denied his postconviction claim without an evidentiary hearing, did not state a claim on which federal habeas relief could be granted); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (holding that habeas petitioner's claim that errors in Rule 3.850

proceeding violated his right to due process did not state a basis for habeas relief because the claim "[went] to issues unrelated to the cause of petitioner's detention").

Ground Two          State postconviction trial court violated petitioner's due process rights when it failed to consider petitioner's motion to amend his Rule 3.850 motion before entering a final order denying postconviction relief. (Doc. 1, p. 7).

Petitioner claims that because his motion to amend his original Rule 3.850 motion was filed before the circuit court ruled, was filed within the two-year time limit of Rule 3.850(b), and was in compliance with Rule 3.850(e), the state circuit court erred and "ruled contrary to law" when it failed to rule on his motion to amend before ruling on the merits of his original Rule 3.850 motion. (Doc. 1, p. 7; Doc. 4, pp. 4-6). Petitioner asserts that he presented this claim to the state courts in his mandamus petition filed in the First DCA, and in his petition for review in the Florida Supreme Court. (Doc. 1, p. 7).

Respondent argues that although petitioner alleges that the circuit court's error constitutes a violation of "due process right, under clearly established constitution law," (doc. 1, p. 7), his claim presents a purely state law issue and alleges a defect in a state collateral proceeding, neither of which provides a basis for federal habeas relief. (Doc. 26, pp. 24-25). Respondent asserts a procedural default defense as an alternative basis for dismissal. (*Id.*, pp. 25-30).

Respondent is correct that the issue petitioner presents is not cognizable in a federal habeas corpus proceeding. Petitioner's attack on the circuit court's having ruled on the merits of his Rule 3.850 motion without first ruling on his motion to amend presents a purely state law issue – the circuit court's application of, and compliance with, the postconviction procedures created by Florida law. In addition, petitioner's claim does not attack the validity of the fact or length of his imprisonment, but rather alleges a defect in a state collateral proceeding unrelated to the cause of his detention. Accordingly, petitioner's challenge to the process afforded him in his state postconviction proceeding does not provide a basis for federal habeas relief. Ground Two should be dismissed without regard to the exhaustion/procedural default issue.

## PETITIONER'S MOTION FOR STAY

In response to respondent's exhaustion/procedural default defense, petitioner moves to stay this proceeding "to allow the prisoner (1) to present the unexhausted claims to State Courts in the First Instance, and (2) then to return to Federal Court for Review of the perfected petition." (Doc. 32, p. 1). Because petitioner's claims do not provide a basis for federal habeas relief even if exhausted, a stay to enable petitioner to properly exhaust them would be futile and is not warranted.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774, 197 L. Ed. 2d 1 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when

the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 26) be GRANTED.

2. That petitioner's motion to stay this case (doc. 32) be DENIED.

3. That the petition for writ of habeas corpus (doc. 1), challenging the judgment of conviction and sentences in *State of Florida v. Dionte Jermaine Davis*,

Madison County Circuit Court Case No. 10-CF-98, be DISMISSED WITH PREJUDICE.

    4.  That the clerk be directed to close the file.

    5.  That a certificate of appealability be DENIED.

    At Pensacola, Florida this 14th day of August, 2017.


                    /s/ *Charles J. Kahn, Jr.*
                    **CHARLES J. KAHN, JR.**
                    **UNITED STATES MAGISTRATE JUDGE**


                    NOTICE TO THE PARTIES

        Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.